IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| TOMMY STEPHENS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 1:04-CV-152 |
| v. | § | |
| | § | |
| WESTERN PULP PRODUCTS | § | JUDGE RON CLARK |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

Before the court is Defendant's Motion to Transfer Venue [Doc. #9]. Defendant asks the court to consider a discretionary transfer of venue for the convenience of the parties and witnesses to the United States District Court for the Eastern District of Texas, Tyler Division, pursuant to § 1404(a). That statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The court finds that the factors do support a transfer.

### I. Background

Plaintiff Tommy Stephens ("Stephens") filed a petition in the Eastern District of Texas, Beaumont Division October 11, 2005. Defendant Western Pulp Products Company ("Western Pulp") answered and asserted an objection to venue and motion to dismiss November 7, 2005. The court denied the objection and motion to dismiss October 14, 2005. Western Pulp now

moves to transfer venue under § 1404(a).[1] Stephens has responded, stating that his selection of forum should be given great deference.

## II. Standard of Review

The goal of § 1404(a) "is to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805 (1964). "A defendant who desires a transfer of venue carries the burden to convince a transferor court that a transfer would be more convenient." *TV-3, Inc. v. Royal Ins. Co. of America*, 28 F. Supp. 2d 407, 411 (E.D. Tex. 1998). The quantum of proof necessary has sometimes been described to be as stringent as "clear and convincing evidence." *TV-3*, 28 F. Supp. 2d at 411. Consequently, Defendant must carry a heavy burden to prove that these factors clearly favor such a change.

## III. Discussion of Transfer Factors

"The first issue that a district court must address in ruling on a motion to transfer under § 1404(a) is whether the judicial district to which transfer is sought qualifies under the applicable venue statutes as a judicial district where the civil action 'might have been brought.'" *In re Horseshoe Entm't*, 337 F.3d 429, 433 (5th Cir. 2003). Defendant's plant is located within the Tyler Division and the alleged wrongful termination occurred at the plant. the case could have initially been brought in the Eastern District of Texas, Tyler Division pursuant to 28 U.S.C. § 1391(c).

---

[1] This is not a motion under Fed. R. Civ. P. 12(b)(3). Defendant is not asserting that Beaumont is an improper venue, rather, Defendant suggests that for the convenience of the parties and witnesses, the case would be more efficiently tried in Tyler.

The court turns to the ten factors governing this Circuit's § 1404(a) analysis.

"In determining whether an action should be transferred under § 1404(a) the court examines factors which fall into two groups: (1) those relating to the convenience of the litigants,[2] and (2) those relating to the public interest in the fair and efficient administration of justice." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 771 (E.D. Tex. 2000) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S. Ct. 839 (1947)). The convenience factors include: (1) plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the cost of obtaining the attendance of witnesses and availability of compulsory process; (5) the accessibility and location of sources of proof; and (6) the possibility of delay and prejudice if transfer is granted. *See* 17 James Wm. Moore et al., Moore's Federal Practice § § 111.13, et seq. (3d ed. 1997); *Robertson v. Kiamichi R.R. Co.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999). The public interest factors consist of (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *See Dominguez-Cota v. Cooper Tire & Rubber Co.*, 396 F.3d 650, 653-54 (5th Cir. 2005).

**A. Convenience Factors**

*1. Plaintiff's Choice of Forum*

"The plaintiff's choice of forum is clearly a factor to be considered, but in and of itself it is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. The

---

[2] In this Circuit, "[t]he factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 327 F.3d at 434.

significant weight given to a plaintiff's choice of forum is diminished when the plaintiff does not reside in his chosen forum and no operative facts occurred within the forum. *See Robertson*, 42 F. Supp. 2d at 656.

Defendant asserts that Plaintiff does not reside in Beaumont and none of the operative facts in question occurred in Beaumont. Plaintiff's petition simply states that he is a resident of Texas. Defendant has produced the Affidavit of William Kirk ("Kirk Aff."), Central Division Manager of Western Pulp, which states that Mr. Stephens is a resident of Cherokee County and that all facts surrounding the termination occurred in Cherokee County. Plaintiff does not offer any evidence to counter this affidavit. Plaintiff's choice of forum is entitled to less weight than it normally would be.

*2. The Convenience of the Parties and Material Witnesses*

The convenience of the witnesses is arguably the most important factor in deciding whether a case should be transferred pursuant to § 1404(a). *Reed v. Fina Oil & Chemical Co.*, 995 F. Supp. 705, 714 (E.D. Tex. 1998). "Venue is considered convenient in the district or division where the majority of witnesses are located." *Mohamed,* 90 F. Supp. 2d at 775. However, evaluation of the convenience factors "should not rest on a 'battle of numbers' but should be directed by the content and quality, rather than quantity of their testimony." *TV-3, Inc.*, 28 F. Supp. 2d at 411. "[T]he convenience of one key witness may outweigh the convenience of numerous less important witnesses. Moreover, it is the convenience of non-party witnesses, rather than that of party witnesses, that is the more important factor and is accorded greater weight in a transfer of venue analysis. Regardless whether transfer is sought for key party or non-party witnesses, the moving litigant *must make more than a general allegation* that the key

witnesses are inconveniently located. The moving party must specifically identify key witnesses and outline the substance of their testimony." *Mohamed*, 90 F. Supp. 2d at 775 (E.D. Tex. 2000) (emphasis added).

Western Pulp once again, through the Kirk Aff. states that all the party and non-party witnesses live in and around Cherokee County, except for three corporate witnesses, who live in Oregon. Plaintiffs have not offered anything to contradict this important factor. The court finds that Western Pulp has carried its burden of proving that the factor of convenience of the witnesses weighs in favor of transfer.

*3. Place of the Alleged Wrong*

There is no dispute that the alleged wrongful termination occurred in Cherokee County. As such, this factor weighs in favor of venue transfer.

*4. The Cost of Obtaining the Attendance of Witnesses and Availability of Compulsory Process*

The cost of obtaining the attendance of witnesses was not particularly addressed by Defendant. The court finds that the cost of obtaining attendance of witnesses from Cherokee County is negligible and is not a factor weighing in favor of venue transfer. However, when nearly all witnesses live outside of Beaumont, the factor is tipped back toward transfer and thus neither weighs in favor or against transfer.

*5. The Accessibility and Location of Sources of Proof*

The accessibility and location of sources of proof weigh only slightly in this court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage and the ease of transportation and communication. *Mohamed*, 90 F. Supp. 2d at 778. The parties have not even taken formal

discovery, so managing documents has not yet been problematic. Defendant suggests that the majority of documents are in the Tyler Division. Plaintiff does not dispute this fact. Accordingly, this factor also weighs in favor of transfer.

*6. The Possibility of Delay and Prejudice if Transfer is Granted*

Given the early stages in this lawsuit, Plaintiff would not be delayed by a transfer to another division within the Eastern District of Texas.

### B. Public Interest Factors

*1. Administrative Difficulties Caused by Court Congestion*

It has not been shown that this matter will proceed at a different rate in the Tyler Division than in Beaumont Division.

*2. Local Interest in Adjudicating Local Disputes*

Given that the allegation of the wrongful termination occurred in the Tyler Division, the parties involved live in the Tyler Division, and Western Pulp has a plant in the Tyler Division, there exists a local interest in adjudicating this local dispute. Therefore, this public interest factor supports a transfer to the Tyler Division.

*3. The Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty*

Because the court finds that the citizens of the Eastern District of Texas, Tyler Division have an interest in adjudicating this suit, it follows that the jury pool in this division would be unduly burdened in deciding this matter. Consequently, this factor weighs in favor of a transfer.

*4. The Avoidance of Unnecessary Problems in Conflict of Laws*

This is not a concern when the two Federal District Courts are within the same division and state. As such, this factor neither weighs in favor or against transfer.

## IV. Conclusion

The case has only been on file since October 11, 2005. Both the "convenience factors" and "public interest" factors weigh in favor of transfer. Accordingly, this case needs to be tried in the Tyler Division.

IT IS THEREFORE ORDERED that Defendant's Motion to Transfer Venue **[Doc. # 9]** is **GRANTED**. The court directs the clerk of court to transfer this case to the United States District Court for the Eastern District of Texas, Lufkin Division.

So **ORDERED** and **SIGNED** this **8** day of **December, 2005.**

_____
Ron Clark, United States District Judge